IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL OLIVER, # A-11-0204,            )
                                         )
                    Plaintiff,           )
                                         )
                                         )
vs.                                      )   Case No. 3:11-cv-1029-MJR
                                         )
CPT. BOYD, SGT. LYERLA,                  )
ALEXANDER COUNTY, and                    )
UNKNOWN ARRESTING OFFICER,               )
                                         )
                    Defendants.          )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Michael Oliver, a former pretrial detainee in Tri-County Detention Center ("Tri-County"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which
>     relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune
>     from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim

1

upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff alleges that on September 24, 2011, he was falsely imprisoned. Plaintiff claims that Defendant Arresting Officer lied at a preliminary hearing, which led to Plaintiff being detained (Doc. 1, p. 5). Upon being incarcerated at Tri-County, Plaintiff claims that Defendant Boyd denied him the ability to send mail to or receive visits from Kiara Jackson and Carolyn Whitaker (Doc. 1, p. 15). However, Plaintiff also includes

2

with his complaint a fax from the Alexander County Sheriff prohibiting contact with both Jackson and Whitaker (Doc. 1, p. 16).

In addition to having his mail "tampered with," Plaintiff alleges that Defendant Lyerla (C/O at Tri-County) placed him in segregation in retaliation for a grievance Plaintiff filed (Doc. 1, pp. 5, 8). Additionally, Plaintiff claims that Defendant Lyerla took Plaintiff's cleaning supplies away from him so that his cell became "unsanitary" (Doc. 1, p. 8). Finally, Plaintiff makes general allegations that "poison has been put in [his] food" and he has been "given strange drugs that make [him] feel like dying" (Doc. 1, p. 5). Specifically, Plaintiff's complaint contains medication records suggesting he was prescribed Flexeril, Tramadol, and Neurontin[1] while at Tri-County (Doc. 1, pp. 10-11). However, Plaintiff does not assert that any of the named or unnamed Defendants were responsible for these actions.

Plaintiff requests a jury trial, compensatory relief, and an injunction for a "full investigation of [Tri-County]" (Doc. 1, p. 6).

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into five (5) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

---

[1] Drugs commonly used as painkillers. *See Cyclobenzaprine* (Flexiril), PubMed Health (Oct. 1, 2010), http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000699/; *Tramadol*, PubMed Health (Oct. 15, 2011), http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000960/; *Gabapentin* (Neurontin), PubMed Health (Jul. 15, 2011), http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000940/.

**Count 1 – False Imprisonment**

Plaintiff alleges that he was "imprisoned" based on the false testimony of Defendant Arresting Officer. Since filing this action, Plaintiff has been released from Tri-County and is no longer in custody (Doc. 13). When a Plaintiff brings a claim for false conviction or imprisonment under § 1983, the Supreme Court has held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 477 (1994). Plaintiff has not alleged facts in his complaint, nor furnished any documents to the Court, that would suggest his conviction or sentence has been invalidated. Without proof that the State has invalidated his sentence, Plaintiff has not alleged sufficient facts to state a claim for false conviction or imprisonment.

However, from the facts alleged in Plaintiff's complaint, whether or not Plaintiff was convicted / imprisoned or merely *arrested* based on Defendant Arresting Officer's testimony is unclear. When a plaintiff alleges "false arrest" under § 1983, but has not been convicted or sentenced, that plaintiff may still recover damages for the "unlawful detention between arrest and the filing of criminal charges." *Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir. 1998). However, the Supreme Court has consistently held that police officers have qualified immunity from a § 1983 claim for false arrest if they can present the defense of "good faith and probable cause." *Pierson*

4

*v. Ray*, 386 U.S. 547, 557 (1967); *Malley v. Briggs*, 475 U.S. 335, 340 (1986). "Whether probable cause exists at the time of an arrest depends on whether 'the facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Brooks v. City of Aurora, Ill.*, 653 F.3d 478, 484 (7th Cir. 2011) (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009)).

If Plaintiff's claim is one of "false arrest," then he has failed to allege sufficient facts to suggest that Defendant Arresting Officer lacked probable cause to detain him. In sum, Plaintiff alleges that he was detained because, at a "preliminary hearing," Defendant Arresting Officer falsely testified that "Kiara Jackson told him that I hit her." Plaintiff's complaint does not include allegations that Defendant Arresting Officer, at the time of Plaintiff's arrest, had insufficient cause to arrest Plaintiff. Rather, Plaintiff's grievance in this complaint is one concerning the nature of Defendant Arresting Officer's testimony before a court—one that would be used towards a claim for false conviction / imprisonment. Therefore, this claim shall be dismissed without prejudice.

**Count 2 – Right to Send Mail and Receive Visitors**

Plaintiff claims that Defendant Boyd has not allowed Plaintiff to contact Kiara Jackson and Carolyn Whitaker through mail or visitation. However, the complaint discloses that Defendant Boyd has merely obeyed a "no contact" order imposed by the Circuit Judge and sent to Tri-County by the Alexander County Sheriff's Office (Doc. 1, pp. 13, 16).

The Seventh Circuit has noted that:

> Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe*, 196 F.3d at 782.

*Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005). Courts have consistently held that searches of prisoners' outgoing mail is permissible for security purposes, such as searching for contraband, escape plans and the like. *See Rowe*, 196 F.3d at 782 ("prison security is 'a sufficiently important governmental interest to justify limitations on a prisoner's first amendment rights' "); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) ("provisions of this type do not impermissibly intrude on first amendment rights"); *Smith v. Shimp*, 562 F.2d 423, 425 (7th Cir. 1977).

Additionally, prisoners do not have a fundamental right to visitation arising directly from the Constitution. *Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454 (1989). "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." *Id.* at 1909 (quoting *Hewitt v. Helms,* 459 U.S. 460 (1983)).

Plaintiff's claim against Defendant Boyd for denying him contact with Jackson and Whitaker shall be dismissed as frivolous. Plaintiff alleges that Defendant Boyd is infringing upon his First Amendment rights by sending his outgoing mail back to him. Plaintiff also asserts that Defendant Boyd violated his due process rights by denying him visitation with Jackson and Whitaker. However, Defendant Boyd cannot be held liable for following the direct "no contact" order of an Alexander County judicial

official, as Plaintiff does not have an unfettered right to communicate with whomever he pleases while incarcerated. Thus, Plaintiff's claim against Defendant Boyd shall be dismissed with prejudice.

**Count 3 – Retaliation**

Plaintiff alleges that Defendant Lyerla placed in him segregation in retaliation for Plaintiff's filing grievances against Defendant Lyerla. Even though the placement in segregation would likely not be actionable in and of itself, if the placement was made in retaliation for the exercise of a constitutionally-protected right, then it is actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).

At issue here is whether Plaintiff experienced an adverse action or actions that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendant's decision to take the retaliatory action. *Bridges*, 557 F.3d at 551. This is a question that cannot be resolved at the pleadings stage of this case. Thus, Plaintiff has stated a cognizable claim against Defendant Lyerla.

**Count 4 – Unsanitary Conditions**

Plaintiff claims that Defendant Lyerla denied him cleaning supplies for his cell, causing his cell to become unsanitary. Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, see *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). For an Eighth Amendment claim of unsanitary conditions:

> [N]either negligence nor strict liability is the appropriate inquiry in prison-conditions cases…. [P]risoners who contest the conditions of their confinement under the eighth amendment must establish that their custodians either established the conditions to inflict wanton pain or are deliberately indifferent to whether the conditions have these effects. The eighth amendment is concerned with "punishment", and … showing a culpable mental state is essential in establishing that conditions of confinement are part of the "punishment".

*Steading v. Thompson*, 941 F.2d 498, 499-500 (7th Cir. 1991) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)).

Plaintiff's complaint fails to state such a claim against Defendant Lyerla. In his complaint, Plaintiff alleges that Defendant Lyerla took away cleaning supplies that were previously given to him by other staff members. However, Plaintiff only alleges that his cell conditions were "unsanitary" without providing any more specific description. Furthermore, Plaintiff does not state whether or not his cell was cleaned by staff or a third-party following Defendant Lyerla's removal of the cleaning supplies. Such conclusory allegations do not provide sufficient facts to state a claim upon which

8

relief can be granted; thus, Plaintiff's Eighth Amendment claim against Defendant Lyerla for unsanitary conditions shall be dismissed without prejudice.

**Count 5 – Cruel and Unusual Punishment**

Plaintiff asserts that the food served at Tri-County and the medications prescribed to him had adverse effects on his health and well-being. The Eighth Amendment prohibition against cruel and unusual punishment is made applicable to the states through the Fourteenth Amendment. *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (applying Eighth Amendment to pretrial detainees). It has been a means of improving conditions of confinement that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all conditions of confinement trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation and physical safety. *See Rhodes,* 452 U.S. at 346; *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective

9

component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The conditions must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. "The subjective component of unconstitutional punishment is the *intent* with which the acts or practices constituting the alleged punishment are inflicted." *Jackson*, 955 F.2d at 22 (emphasis in original). The subjective component requires that a defendant had a sufficiently culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety: the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1970); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the jail official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842.

A failure of jail officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

### A – Poisoning

Plaintiff claims that the food being served to him at Tri-County is poisoned. Plaintiff's factual allegations supporting this claim are that he became sick after eating the food at Tri-County. This fact is simply insufficient to support any claim that Plaintiff's food is being poisoned. Furthermore, Plaintiff has not specified who, if anyone, is responsible for the alleged poisoning. Because Plaintiff has failed to plead sufficient facts to state a claim upon which relief may be granted, his Eighth Amendment claim for poisoning shall be dismissed without prejudice.

### B – Medication

Plaintiff further asserts that the medication he has been prescribed "makes [him] feel like dying." Again, Plaintiff does not make this claim against any particular individual, but as a general concern. If Plaintiff were being forced to take this medication, he might plausibly have a claim for an Eighth Amendment violation. However, his complaint (and the nature of the medication) suggests that this medication is being taken voluntarily to remedy pain resulting from neck and back injuries. Without plausibly alleging otherwise, Plaintiff cannot bring a claim for an Eighth Amendment violation if he is voluntarily taking the prescribed medication. Therefore, this Eighth Amendment claim shall also be dismissed without prejudice.

**Defendant Alexander County**

Though Plaintiff names Defendant Alexander County in the caption of his complaint, he fails to list this entity elsewhere in his complaint, so the Court is unable to ascertain what claims, if any, Plaintiff has against this Defendant.

Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Furthermore, in order to obtain relief against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006).

Because Plaintiff has not listed Defendant Alexander County elsewhere in his complaint, he has not adequately stated claims against this government entity, or put this Defendant on notice of any claims that Plaintiff may have against it. Merely associating Defendant Alexander County with the allegations in the complaint would also not be sufficient to state a claim against that entity, as Plaintiff does not point to any official policy, custom, or practice of Defendant Alexander County that led to his alleged

deprivations. For these reasons, Defendant Alexander County will be dismissed from this action with prejudice.

**Disposition**

   **IT IS HEREBY ORDERED** that the Clerk shall add **ALEXANDER COUNTY** and **SGT. LYERLA** as Defendants in this case.

   **IT IS FURTHER ORDERED** that **COUNT 2** is frivolous and thus is **DISMISSED** with prejudice. **COUNTS 1**, **4**, and **5** fail to state claims upon which relief may be granted and thus are **DISMISSED** without prejudice. Defendants **BOYD** and **ALEXANDER COUNTY** are **DISMISSED** from this action with prejudice. Defendant **UNKNOWN ARRESTING OFFICER** is dismissed from this action without prejudice. **COUNT 3** shall receive further consideration.

   The Clerk of Court shall prepare for Defendant **LYERLA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

   If Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the

13

forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Stephen C. Williams** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay

fees and costs or give security for the same, the applicant and his attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: 6/25/2012

s/ MICHAEL J. REAGAN
MICHAEL J. REAGAN
United States District Judge